# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED INDUSTRIES CORPORATION, ) <br> LIQUID FENCE COMPANY, ) <br> SPECTRUM BRANDS HOLDINGS, INC. ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> KITTRICH CORPORATION, ) <br>     Defendant. ) | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW Plaintiffs United Industries Corporation, Liquid Fence Company, and Spectrum Brands Holdings, Inc. ("Plaintiffs") and for their Complaint for Declaratory Judgment against Defendant Kittrich Corporation ("Kittrich"), allege as follows:

## PRELIMINARY STATEMENT

1. This is an action for declaratory judgment on allegations of trademark infringement, trade dress infringement, reverse confusion, unfair competition, passing off, and false designation of origin under 15 U.S.C. §§1114 and 1125(a); copyright infringement under 17 U.S.C. §§ 101, et seq.; and common law unfair competition. Plaintiffs further seek cancellation of the trademark and copyright registrations owned by Defendant that are the basis for Defendant's claims.

2. The Parties sell competing home and garden pesticide products at retail locations across the United States. On May 24, 2017, Kittrich filed a complaint alleging trademark infringement, copyright infringement, and unfair competition claims against Plaintiffs in the Eastern District of Virginia. Exhibit A, Virginia Complaint.

3. Neither party had ties to the Eastern District of Virginia beyond minimal sales. Plaintiffs moved to transfer the case to the Eastern District of Missouri, where all of Plaintiffs' relevant documents and witnesses are located, including relevant third party witnesses. Plaintiffs prevailed and obtained an Order holding not only that jurisdiction and venue are proper in this district, but also that the Eastern District of Missouri is the most convenient forum under 28 U.S.C. § 1404.

4. Upon transfer of the case to the Eastern District of Missouri, Defendant moved to dismiss its claims without prejudice.

5. These claims present an immediate threat of litigation and a substantial and justiciable controversy between the parties. Defendant previously engaged in forum-shopping by filing in the Eastern District of Virginia. Plaintiffs anticipate that if Defendant refiles its claims, Defendant will again engage in forum-shopping rather than filing in this district.

6. Plaintiffs should not be haled into another inconvenient forum on Defendant's whim. Plaintiffs instead seek declaratory judgment to conclusively resolve Defendant's infringement allegations in the Eastern District of Missouri, where jurisdiction and venue have already been deemed just and proper.

## THE PARTIES

7. Plaintiff United Industries Corporation is a Delaware corporation with its principal place of business at One Rider Trail Plaza Dr., Earth City, Missouri, 63045. United Industries manufactures EcoLogic pesticides in the St. Louis metropolitan area. EcoLogic pesticides are sold at hardware stores and garden centers throughout the United States, including in the Eastern District of Missouri.

8. Plaintiff Liquid Fence Company was a Delaware corporation with its principal place of business in Missouri. Liquid Fence was a wholly-owned subsidiary of United Industries Corporation. Liquid Fence was merged into United Industries Corporation on June 8, 2015 and no longer exists as a corporation. Exhibit B.

9. Plaintiff Spectrum Brands Holdings, Incorporated is a Delaware corporation with its principal place of business at 3001 Deming Way, Middleton, Wisconsin. Spectrum Brands is a parent company of United Industries. Spectrum Brands does not manufacture or sell the accused EcoLogic products.

10. On information and belief, Defendant Kittrich Corporation is a California corporation with a principal place of business at 1585 W. Mission Blvd., Pomona, California 91766.

11. On information and belief, Kittrich manufactures and sells EcoSmart pesticides. EcoSmart pesticides are sold at hardware stores and garden centers throughout the United States, including in the Eastern District of Missouri.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims involve questions of federal law under the Lanham Act, Copyright Act, and the Declaratory Judgment Act.

13. This Court has supplemental jurisdiction over common law unfair competition claims raised under state law, whether under the laws of the State of Virginia, the State of Missouri, or any other state, under 28 U.S.C. § 1367 as they form part of the same case or controversy as the Lanham Act claims.

14. This Court has personal jurisdiction over the Defendant because Defendant transacts business in Missouri. This action relates to the business transacted in Missouri, namely, the sale and marketing of EcoSmart products in Missouri. Defendant's EcoSmart products are available for purchase in the Missouri and in this judicial district. Defendant did not challenge jurisdiction in the Eastern District of Missouri when Plaintiffs' Motion to Transfer was pending before the Eastern District of Virginia.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. A substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, in this district because Plaintiffs manufacture and sell the allegedly infringing products in this district. Venue in the Eastern District of Missouri was determined to be proper and convenient by the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

16. Plaintiff United Industries owns two trademark registrations for its EcoLogic marks. (U.S. Reg. Nos. 4,859,063; 4,295,871).

17. United Industries manufactures EcoLogic products in this district.

18. United Industries sells EcoLogic pesticides to customers and retailers across the United States, including in this District.

19. Defendant sells its EcoSmart pesticides to customers and retailers across the United States, including in this District.

20. On May 24, 2017, Kittrich filed a Complaint alleging trademark infringement, copyright infringement, and unfair competition claims against Plaintiffs in the Eastern District of Virginia. Exhibit A, Virginia Complaint.

21. Defendant's previously filed Complaint focused primarily on allegations of trademark infringement based on registered EcoSmart trademarks as well as trade dress based on its product labels. Exhibit A (Compl. at ¶ 42 and ¶ 96). Defendant additionally alleged copyright infringement based on its bottle label artwork. Exhibit A (Compl. at ¶¶ 124-130 and Exhibit 3). Defendant also alleged common law unfair competition under Virginia law.

### Alleged Trademark Infringement

22. Defendant's Virginia Complaint alleged trademark infringement based on registered EcoSmart trademarks as well as trade dress based on its product labels. Exhibit A (Compl. at ¶ 42 and ¶ 96).

23. Defendant alleged ownership of trademark registrations for EcoSmart – The Safe Pesticide Brand (U.S. Reg. No. 3,966,816), EcoSmart Organic (U.S. Reg. No. 3,729,360), EcoSmart (U.S. Reg. No. 3,763,653), EcoSmart and design (U.S. Reg. No. 2,972,176), and EcoSmart as a typed drawing (U.S. Reg. No. 3,268,732) for use with pesticides. Exhibit A.

24. Defendant's marks are too dissimilar to support a likelihood of confusion among consumers for Defendant's trademark infringement claims.

25. The only characters that the marks share are the prefix ECO.

26. The term ECO is a shortened form of the term "ecological," commonly used to refer to environmentally or "ecologically" friendly products.

27. Both parties offer "ecologically-conscious" pesticides and insecticides, which Plaintiffs describe as "biopesticides." Exhibit A (Compl. at ¶¶ 34-40).

28. When used in connection with environmentally friendly products the term ECO describes the products at issue.

29. The term ECO is also widely used within the industry.

30. Many active trademark registrations utilize the term ECO for identical goods.

31. Concurrent trademark registrations verify the weakness of the term ECO, but also verify that several marks sharing the identical term ECO used on connection with identical products coexist without any likelihood of confusion among consumers—and have for many years.

32. The terms SMART and LOGIC do not share any identical characters and are not pronounced the same. The terms do not have a similar appearance. SMART and LOGIC are too dissimilar to support a cause of action for trademark infringement.

33. Defendant's alleged trade dress is not distinctive, but rather functional, generic, or descriptive without secondary meaning.

## Alleged Copyright Infringement

34. Defendant alleges ownership of certain labels that are the subject of Copyright Registration Nos. VA-2-048-016, VA-2-048-020, VA-2-048-023, and VA-2-048-029. Exhibit A (Complaint at ¶¶124-130); Exhibit C (Defendant's Memorandum in Support of Their Motion to Dismiss or Alternatively Transfer, hereinafter "Motion," at 10).

35. The allegedly infringing labels and the deposited artwork share only a few descriptive terms.

36. Plaintiffs' labels are not substantially similar to Defendant's alleged copyrighted works.

37. For example, the EcoSmart Organic Home Pest Control label bears no similarity to the EcoLogic Home Insect Control label.

6

**Copyright Registration**        **Accused EcoLogic**




*See* Exhibit C (Motion at 12).

38. The accused EcoLogic label includes different insects in a larger size.

39. The EcoLogic label does not include the universal "no" symbol consisting of a circle and backslash.

40. The EcoLogic label does not copy the layout of the copyrighted label.

41. On the accused package, the trademark EcoLogic appears in a horizontal orientation on a rectangular label.

42. The registered label is triangular with the trademark EcoSmart in a vertical orientation.

43. The EcoLogic product is called "Home Insect Control" rather than "Organic Home Pest Control."

44. The text and layout on the labels differs.

45. The only common text is limited to short phrases that are functional and descriptive.

7

46. For example, the phrase "safe around children & pets" is functional and descriptive as it informs consumers that the product will not harm children or pets.

47. The products both include the phrase "Kills by Contact," informing consumers about the efficacy and operation of the products.

48. Even broadly comparing the registered label to the accused label, there are no overlapping elements to support the alleged copyright infringement claim.

49. The copyrighted labels include short phrases providing functional information, images of the effected insects, and a universal "no" symbol (consisting of a circle and backslash).

50. Taking Defendant's "Ant & Roach Killer" as an example, the visible text on the label includes the following statements:



- "Organic Insecticide"
- "SAFE Around Children & Pets"
- "Seguro cerca de ninos y mascotas. Ne es toxico," which translated from Spanish means "safe close to children and pets, is not toxic"
- "Non-toxic"
- "Ant & Roach Killer"
- "Mata Hormigas y Cucaracha," which is the Spanish language translation of "Ant & Roach Killer"
- "Kills Fast"
- "No Harmful Residues"
- "Net Contents: 12 oz. (343g)"

Exhibit C (Motion at 14).

8

51. The image of an ant and a cockroach behind the universal "no symbol" (consisting of a circle and backslash) on the label for a pesticide that kills ants and cockroaches is not "original."

52. Competitors within the industry utilize insect imagery on pesticide labels to clearly identify the insects affected by the pesticide for consumers.

53. The alleged copyright registrations are comprised of commonly used elements, including descriptive and functional elements, and, therefore, are not original.

### Defendant's Complaint Filed in The Eastern District of Virginia and Transferred to the Eastern District of Missouri

54. On July 21, 2017, Plaintiffs moved for venue transfer to the Eastern District of Missouri and moved to dismiss Defendant's claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Exhibit C (Motion).

55. On August 18, 2017, a hearing was held in the Eastern District of Virginia and the court ruled in Plaintiffs' favor on its motion for venue transfer and transferred the case to this district. Exhibit D (Order Granting Transfer to the Eastern District of Missouri).

56. On August 22, 2017, Defendant requested voluntary dismissal of the transferred proceedings without prejudice. Exhibit E (Voluntary Dismissal).

57. Defendant did not approach Plaintiffs for consent or otherwise discuss the request for dismissal without prejudice.

58. An immediate, substantial, and justiciable case or controversy exists between the Parties because Defendant could re-file its claims at any time.

59. Plaintiffs are concerned that Defendant will refile in another inconvenient district with minimal ties to the claims at issue, rather than filing in this district.

## COUNT I

### Declaratory Judgment of Invalidity, Unenforceability, and Cancellation of Defendant's EcoSmart Trademarks

60. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 59.

61. Defendant alleged ownership of trademark registrations for EcoSmart – The Safe Pesticide Brand (U.S. Reg. No. 3,966,816), EcoSmart Organic (U.S. Reg. No. 3,729,360), EcoSmart (U.S. Reg. No. 3,763,653), EcoSmart and design (U.S. Reg. No. 2,972,176), and EcoSmart as a typed drawing (U.S. Reg. No. 3,268,732) for use with pesticides.

62. The EcoSmart trademark is functional, generic, and/or descriptive and therefore not protectable as a trademark.

63. Equitable principles, including, but not limited to, laches, estoppel, and acquiescence bar Defendant's claim because Plaintiffs have used its EcoLogic marks since approximately 2009, but Defendant first raised the alleged infringement in May 2017.

64. At least because of Defendant's allegations of infringement of its EcoSmart marks, a real, substantial, and immediate controversy exists between the Parties regarding the validity of the EcoSmart trademarks, necessitating a judicial declaration regarding the validity of the marks.

65. Accordingly, the Court should enter declaratory judgment that Defendant's EcoSmart trademarks are unenforceable and/or invalid as a matter of federal law and Missouri law and notify the Trademark Office of the judgement for cancellation and removal of the marks from the registry.

## **COUNT II**

**Declaratory Judgment of Non-Infringement on Defendant's EcoSmart Trademarks**

66. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 65.

67. Defendant alleged ownership of trademark registrations for EcoSmart – The Safe Pesticide Brand (U.S. Reg. No. 3,966,816), EcoSmart Organic (U.S. Reg. No. 3,729,360), EcoSmart (U.S. Reg. No. 3,763,653), EcoSmart and design (U.S. Reg. No. 2,972,176), and EcoSmart as a typed drawing (U.S. Reg. No. 3,268,732) for use with pesticides.

68. Defendant further alleged that Plaintiffs' use of its EcoLogic marks infringes Defendant's EcoSmart marks.

69. At least because of Defendant's allegations of infringement of its EcoSmart marks, a real, substantial, and immediate controversy exists between the Parties regarding the infringement of the EcoSmart trademarks, necessitating a judicial declaration regarding infringement of the marks.

70. Plaintiffs' use of its EcoLogic marks is not likely to cause consumer confusion as to the source of Plaintiffs' goods at least because of dissimilarity between the marks.

71. Plaintiffs have not and do not infringe the EcoSmart marks because the marks are unenforceable generally and specifically unenforceable against Plaintiffs.

72. Accordingly, the Court should enter declaratory judgment that Plaintiffs' use of its EcoLogic marks does not infringe Defendant's EcoSmart trademarks.

## **COUNT III**

### **Declaratory Judgment of Invalidity and Unenforceability of Defendant's Alleged EcoSmart Trade Dress**

73. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 72.

74. Defendant alleged ownership of trade dress comprised of elements of labels used on bottles of household pesticide products.

75. Defendant further alleged that Plaintiffs' EcoLogic infringes Defendant's alleged EcoSmart trade dress.

76. The alleged EcoSmart trade dress is functional, generic, and/or descriptive without secondary meaning and therefore not protectable as a trademark.

77. Equitable principles, including, but not limited to, laches, estoppel, and acquiescence bar Defendant's claim because Plaintiffs have used its EcoLogic marks since approximately 2009, but Defendant first raised the alleged infringement in May 2017.

78. At least because of Defendant's allegations of infringement of its EcoSmart marks, a real, substantial, and immediate controversy exists between the Parties regarding the validity of the EcoSmart trade dress, necessitating a judicial declaration regarding the validity of the marks.

79. Accordingly, the Court should enter declaratory judgment that Defendant's EcoSmart trade dress is unenforceable and/or invalid as a matter of law.

## COUNT IV

**Declaratory Judgment of Non-Infringement on Defendant's EcoSmart Trade Dress**

80. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 79.

81. Defendant alleged ownership of trade dress comprised of elements of labels used on bottles of household pesticide products.

82. Defendant further alleged that Plaintiffs' use of its EcoLogic marks infringes Defendant's EcoSmart trade dress.

83. At least because of Defendant's allegations of infringement of its EcoSmart trade dress, a real, substantial, and immediate controversy exists between the Parties regarding the infringement of the EcoSmart trademarks, necessitating a judicial declaration regarding infringement of the trade dress.

84. Plaintiffs' use of its EcoLogic marks is not likely to cause consumer confusion as to the source of Plaintiffs' goods at least because of dissimilarity between the marks.

85. Plaintiffs have not and do not infringe the EcoSmart marks because the marks are unenforceable generally and specifically unenforceable against Plaintiffs.

86. Accordingly, the Court should enter declaratory judgment that Plaintiffs' use of its EcoLogic marks does not infringe Defendant's EcoSmart trademarks.

## COUNT V

**Declaratory Judgment of Invalidity, Unenforceability, and Cancellation of Defendant's Alleged Copyrights**

87. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 86.

88. Defendant alleges ownership of certain labels that are the subject of Copyright Registration Nos. VA-2-048-016, VA-2-048-020, VA-2-048-023, and VA-2-048-029.

89. The alleged copyrighted works are not sufficiently original to create valid copyrights in the underlying works.

90. The works are merely functional and/or descriptive content, including separately registered trademarks and fragmentary descriptive phrases and, therefore, are not registrable, valid, or enforceable under the Copyright Act.

91. At least because of Defendant's allegations of infringement of its EcoSmart copyrights, a real, substantial, and immediate controversy exists between the Parties regarding the validity of the EcoSmart copyrights, necessitating a judicial declaration regarding the validity of the works and related registrations.

92. Accordingly, the Court should enter declaratory judgment that Defendant's copyright registrations are invalid and unenforceable as a matter of law and notify the Copyright Office of the judgement for cancellation and removal of the registrations from the government registry.

## COUNT VI

### Declaratory Judgment of Non-Infringement on Defendant's Alleged Copyrights

93. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 92.

94. Defendant alleges ownership of certain copyright registrations for pesticide bottle labels that are the subject of Copyright Registration Nos. VA-2-048-016, VA-2-048-020, VA-2-048-023, and VA-2-048-029.

95. At least because of Defendant's allegations of infringement of its EcoSmart copyrights, a real, substantial, and immediate controversy exists between the Parties regarding the infringement of the EcoSmart copyrights, necessitating a judicial declaration regarding infringement of the works and related registrations.

96. Plaintiffs' labels are not substantially similar to Defendant's alleged copyrighted works.

97. Plaintiffs have not and do not infringe the copyrighted works because the copyrights are unenforceable generally and specifically unenforceable against Plaintiffs.

98. Accordingly, the Court should enter declaratory judgment that Plaintiffs' use of its EcoLogic product labels does not infringe Defendant's copyrights.

## COUNT VII

### Declaratory Judgment on Defendant's Alleged Common Law Unfair Competition Claim

99. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 98.

100. Defendant alleges that Plaintiffs violated common law prohibitions against unfair competition based on the alleged trademark and copyright infringement.

101. Defendant's common law claims based on the same facts and evidence fail for the same reasons that Defendant's trademark and copyright claims fail.

102. At least because of Defendant's allegations of infringement, a real, substantial, and immediate controversy exists between the Parties regarding Defendant's alleged unfair competition claim, necessitating a judicial declaration regarding Defendant's unfair competition claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant:

A.     Ordering cancellation and removal of Defendant's trademarks and copyrights from the respective Registers of the Trademark Office and the Copyright Office;

B.     Declaring that Defendant's trademarks are unenforceable as a matter of law;

C.     Declaring that Plaintiffs do not infringe Defendant's trademarks or copyrights;

D.     Declaring that Defendant's conduct does not constitute unfair competition under common law; and

E.     Granting such other and further relief as the Court finds just and proper.


Dated: August 23, 2017                    By: /s/ Jennifer E. Hoekel_____
                                                                          Jennifer E. Hoekel
                                                                          ARMSTRONG TEASDALE LLP
                                                                          7700 Forsyth Boulevard, Suite 1800
                                                                          Saint Louis, MO 63105
                                                                          (314) 621-5070
                                                                          jhoekel@armstrongteasdale.com

                                                                          *Counsel for Plaintiffs*